UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALFRED HILL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-0527** |
| **MARLIN GUSMAN, ORLEANS PARISH CRIM. SHERIFF** | **SECTION "N"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**.

On July 18, 2006, the undersigned Magistrate Judge conducted a hearing pursuant to *Spears v. McCotter*,[1] and its progeny, with the plaintiff, Alfred Hill ("Hill") and Tim Richardson, counsel for defendant, participating by telephone.[2] Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

---

[1] 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges to have occurred and the legal basis for the claims. *Spears*, 766 F.2d at 180. The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e). *Wilson v. Barrientos*, 926 F.2d 480, 481 (5th Cir. 1991).

[2] Rec. Doc. No. 16. The plaintiff was sworn prior to testifying. The cassette tape of the hearing is being forwarded to the custody of the Court Recording Unit along with a copy of this Report and Recommendation.

**I.      Factual Summary**

      **A.      The Complaint**

The plaintiff, Alfred Hill ("Hill"), is incarcerated in the Winn Correctional Center ("WNC") in Winnfield, Louisiana.  Hill filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983 against Orleans Parish Criminal Sheriff Marlin Gusman seeking damages as a result of the conditions in the Orleans Parish Prison system after Hurricane Katrina.

Hill alleges that he was hastily and chaotically evacuated from the medical observation unit in Templeman Jail, Phase I ("Templeman I"), where he had been housed due to a chronic medical condition.  Hill complains that it took the prison officials two to three days before they began evacuating the inmates from the prison despite the warning by the mayor that Hurricane Katrina was approaching New Orleans.

Hill claims that, after the hurricane struck New Orleans, the water began to rise inside of Templeman I.  He states that the inmates lived in the chest-high, contaminated water for several days.  Hill also claims that, during the evacuation, he had to walk through the water to a boat, which took the inmates to the Broad Street bridge.  He was eventually transported to WNC.  The exclusive remedy he seeks is punitive damages in the amount of $150,000.[3]

      **B.      The *Spears* Hearing**

Hill testified that he was housed in the medical unit in Templeman I because he is a diabetic and he suffers with seizures.  He testified that he has been diabetic since 1992.  He further stated that he has been diagnosed with "stress" since 2000.  He claimed that, at the time he was rescued from the prison, he had been in the jail since December 9, 2004.

---

[3]*See* Rec. Doc. No.1, ¶ IV and V.

Hill further testified that he needed medication for diabetes which he did not receive during the days following Hurricane Katrina. He complains that he had difficulty walking through the water and was made to stay on the bridge from 10:30 a.m. to around 6:00 p.m. He stated, however, they he did not complain because he had no one to whom he could complain.

He testified that he was sent to and arrived at Elayn Hunt Correctional Center ("Hunt") around 9:30 or 10:00 a.m. At Hunt, he received two sandwiches, a tent, and additional food. He was eventually transferred to WNC around 11:30 p.m. or 12:00 a.m. that night. He was given a medical examination. He stated that he was given insulin twice a day but no pills for his seizures.

## II.  Standard of Review

Title 28 U.S.C. §§ 1915(e)(2), 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss complaints filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under these statutes, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28.

Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

### III.     Claims Against Sheriff Gusman

Hill complains that the evacuation process at OPP during Hurricane Katrina was not timely and was negligently performed, which caused him to suffer without food, medical attention, and water for a couple of days. He complains that he was forced to live in a contaminated area with sewerage water. Hill, therefore, contends that the manner and timing of the evacuation constituted cruel and unusual punishment.

The Eighth Amendment's prohibition on "cruel and unusual punishments" forbids conditions of confinement "which are incompatible with 'the evolving standards of decency that mark the progress of a maturing society' . . . or which 'involve the unnecessary and wanton infliction of pain.'" *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (citations omitted). "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Proof of an individual defendant's personal involvement in the alleged wrong is, of course, a prerequisite to his liability on the claim for damages under §1983. However, a supervisory official, like Sheriff Gusman, cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); *see*

*also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). Moreover, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120 (5th Cir. 1980).

Hill has not alleged that Sheriff Gusman was personally involved in the occurrences at the prison or in the evacuation process itself. Hill has not alleged that Sheriff Gusman was personally involved in the denial of food, water or medical care before or during the evacuation. Without some showing of personal involvement, the claim against the Sheriff should be dismissed.

Furthermore, to the extent Hill claims that Sheriff Gusman acted negligently in responding to or preparing for this emergency situation, his claims are still frivolous. Acts of negligence do not implicate the Due Process Clause such to give rise to a claim under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *see also Davidson v. Cannon*, 474 U.S. 344 (1986). Allegations amounting to negligence cannot support a § 1983 claim for violation of the Eighth Amendment. *Eason v. Thaler*, 73 F.3d 1322, 1328-29 (5th Cir. 1996) (noting no negligent deprivation of religious rights or gross negligence in permitting a gas leak to occur); *Hare v. City of Corinth, Ms.*, 74 F.3d 633, 641-42, 646 (5th Cir. 1996) (finding no negligent failure to protect); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (noting that negligent medical care does not constitute a valid claim under § 1983); *Doe v. Taylor Independent School District*, 975 F.2d 137, 142 (5th Cir. 1992), *vacated on other grounds*, 15 F.3d 443 (5th Cir. 1994) ("Even when constitutional liberty interests are implicated, not all bodily injuries caused by state actors give rise to a constitutional tort, for it

is well settled that mere negligence does not constitute a deprivation of due process under the Constitution.")

Instead, an official must act with deliberate indifference to be liable under § 1983. An official is deliberately indifferent to an inmate's health and safety in violation of the Eighth Amendment "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of harm." *Thompson v. Upshur County, Tex.*, 245 F.3d 447, 459 (5th Cir. 2001). In this case, Hill has made no such showing of an intentional indifference by Sheriff Gusman.

In addition, Hill has also failed to show that the temporary conditions caused by the hurricane violated his constitutional rights. In order to prove that the conditions of his confinement violated the Fourteenth Amendment, an inmate must show, "that, from an objective standpoint, [they] denied him the minimal measure of necessities required for civilized living". *Farmer*, 511 U.S. at 834. An episodic act or omission of a state jail official does not violate an inmate's constitutional right to be secure in his basic human needs unless he demonstrates that the official acted or failed to act with deliberate indifference to those needs. *Hare*, 74 F.3d at 633.

Hill has not alleged that Sheriff Gusman personally acted with deliberate indifference to his safety, any specific medical need, or to the sanitation of the prison during the unprecedented events occurring after the Hurricane. Further, even though there may have been a delay in providing Hill with insulin, mere delay in receiving medical care is not in and of itself a constitutional violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993); *Wesson v. Oglesby*, 910 F.2d

278, 284 (5th Cir. 1990); *Simons v. Clemens*, 752 F.2d 1053, 1056 (5th Cir. 1985). The same is true when an inmate misses one or even several meals. *See Bellamy v. Bradley*, 729 F.2d 416, 419-20 (6th Cir.), *cert. denied*, 469 U.S. 845 (1984) (missing meals for a day); *Veteto v. Miller*, 829 F. Supp. 1486, 1495-96 (M.D. Pa. 1992) (allegations of missed meals during brief period without allegations of going hungry); *Morrison v. Martin*, 755 F. Supp. 683, 686 (E.D.N.C.), *aff'd*, 917 F.2d 1302 (4th Cir. 1990) (generalized allegations of missed meals); *Moss v. Ward*, 450 F. Supp. 591, 596, 598 n.8 (W.D.N.Y. 1978) (deprivation of one meal or a day's meals); *Herring v. Superintendent, Danville City Jail*, 387 F. Supp. 410, 412 (W.D. Va. 1974) (missing breakfast). Hill recognizes that these conditions were caused by the flooding following Hurricane Katrina, the largest natural disaster that the United States has experienced in its history.

Furthermore, Hill recognizes that the officials realized the risk of harm caused by the rising waters and evacuated the inmates from the prison, albeit under difficult and unpleasant circumstances. Therefore, without a showing of a deliberate indifference, Hill's claims against Sheriff Gusman should be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

### IV. Recommendation

It is therefore **RECOMMENDED** that Hill's § 1983 claims against Sheriff Gusman be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being

served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ___16th___ day of _____October_____, 2006.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**